OPINION
{¶ 1} Defendant-appellant Anthony Maloy appeals the decision of the Columbiana County Domestic Relations Court which granted a divorce, divided marital property and ordered spousal support in favor of plaintiff-appellee Carol Maloy. Appellant's brief lacks the required argument section. Moreover, appellant failed to object to the magistrate's decision and, thus, he cannot assign the various issues raised on appeal. For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} The parties were married for fourteen years. In December 2004, their divorce trial proceeded before a magistrate. On January 27, 2004, the magistrate released a decision finding that appellant would earn $82,000 in 2004 and appellee would earn nothing, noting that she had been diagnosed with breast, bone and ovarian cancer several times since 1994. The magistrate also noted that, until temporary spousal support was awarded, appellee had received Social Security Income due to her disability.
 {¶ 3} The magistrate also found that appellant failed to pay the mortgage payments as previously ordered and caused the parties' home to be subjected to foreclosure. Thus, the magistrate awarded appellee half the equity in the home prior to foreclosure. The magistrate recommended that appellee receive all contents of the residence and that appellant retain his pension valued at approximately $6,000, which was earned during the marriage. Appellant was ordered to pay $1,900 monthly in spousal support for five years and maintain COBRA health insurance coverage for appellee.
 {¶ 4} The trial court adopted the magistrate's decision that same day. The court entered judgment for all amounts determined by the magistrate. Appellant filed notice of appeal on February 25, 2005.
 ASSIGNMENTS OF ERROR {¶ 5} We must begin by pointing out the many fatal procedural problems with appellant's brief. We first note that we gave appellant much latitude in filing his brief late, even after he was previously threatened with the punishment of dismissal. He finally filed a brief which is wholly inadequate. It is a mere outline of phrases with citations to statutes and the judgment entry.
 {¶ 6} There is no table of authorities as required by App.R. 16(A)(2), nor is there any citations to case law. The statement of the case is lacking. The statement of facts does not explain the background of the majority of the assignments of error. See App.R. 16(A)(6). There are no citations to the transcript to support his claims of entitlement to certain property. Most importantly, there is absolutely no argument section with contentions in support of each listed assignment of error and reasons in support of those contentions with accompanying citations to authorities. See App.R. 16(A)(7).
 {¶ 7} Next, we briefly note the invalidity of most of appellant's assignments on their face. Appellant sets forth five assignments of error. First, he complains that his counsel was inept for failing to advise him to bring more documentation. However, ineffective assistance of counsel is not reversible error in a case such as this, and any failure to advise is de hors the record. Second, he claims that spousal support should be reduced due to a change in circumstances since the trial court's order. Clearly, this is not an issue for appeal as it was never before the trial court.
 {¶ 8} Third, he claims that the marital assets were not equally divided and that he received no marital assets. We note that division of marital assets need not be equal, especially where he was found to have caused a foreclosure, and he did in fact receive some marital property such as a car and his pension. Fourth and fifth, he states that the court failed to consider property received as an inheritance and claims that a $10,000 inheritance from his mother should have been awarded to him. These are tracing issues subject to credibility determinations. We also note that he only testified to an $8,000 inheritance from his mother. Regardless, none of these issues can be raised on appeal because he failed to object to the magistrate's decision.
 LACK OF OBJECTIONS {¶ 9} The magistrate's decision becomes effective when adopted by the trial court. Civ.R. 53(E)(4)(a). The trial court may adopt the magistrate's decision if no written objections are filed unless the court determines that there is an error of law or other defect on the face of the magistrate's decision. Id.
 {¶ 10} The trial court may adopt a magistrate's decision and enter judgment without waiting for timely objections, but the filing of timely written objections automatically stays the judgment until the court rules on the objections and vacates, modifies or adheres to the judgment previously entered. Civ.R. 53(E)(4)(c).
 {¶ 11} A party has fourteen days from the filing of the magistrate's decision to file objections, regardless of whetherthe court already adopted the decision. Civ.R. 53(E)(3)(a). The objections shall be specific and state with particularity the grounds of objection. Civ.R. 53(E)(3)(b). Any objection to a finding of fact shall be supported by a transcript of all evidence submitted to the magistrate relevant to that fact or by an affidavit of that evidence if a transcript is unavailable. Civ.R. (E)(3)(c).
 {¶ 12} "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(d). Thus, the failure to object waives the appellate right to challenge errors in the magistrate's decision. State ex rel. Wilson v. Indus. Comm.,100 Ohio St.3d 23, 2003-Ohio-4832, ¶ 14; State ex rel. Booher v.Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52, 53.
 ANALYSIS {¶ 13} Here, the magistrate's decision specifically and conspicuously informed appellant that no party could assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless that party timely and specifically objects to that finding or conclusion as required in Civ.R. 53(E)(3). Thus, the magistrate fulfilled its obligation under Civ.R. 53(E)(2). The magistrate also advised appellant that he had only fourteen days within which to file objections regardless of whether the court has adopted the decision.
 {¶ 14} However, appellant failed to file any objections. As a result, he waived his appellate rights to challenge the issues now raised. Issues concerning weight of the evidence, misconstruction of the facts or equity of an award have to be initially raised to the trial court in objections. See Civ.R. 53(E)(3)(d). In support of such objections, appellant would also have been required to submit the transcript to the trial court, which obviously he did not. See Civ.R. 53(E)(3)(c); Mosesson v.Rach, 7th Dist. No. 99CA321, 2001-Ohio-3232.
 {¶ 15} Finally, we note that Civ.R. 53(E)(4)(a) provides that the court can adopt the magistrate's decision if no objections were filed unless the court determines there is an error of law or other defect on the face of the magistrate's decision. Appellant does not allege the existence of such error of law or other defect on the face of the magistrate's decision, and no such legal error can be found.
 {¶ 16} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.